McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CV-00348-TLN-EFB |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| APPROXIMATELY $123,513.00 IN OWNERSHIP PAYOUTS FROM YREKA JUNCTION INVESTORS, LP SINCE JUNE 20, 2013, | |
| A 10% OWNERSHIP SHARE IN YREKA JUNCTION INVESTORS, LP, and | |
| APPROXIMATELY $150,000 IN PROCEEDS FROM THE SALE OF REAL PROPERTY LOCATED AT 1358 BLUE OAKS BOULEVARD, ROSEVILLE, CALIFORNIA, | |
| Defendants. | |

This matter having come before this Court on the application of the United States of America for

entry of a protective order pursuant to 18 U.S.C. § 983(j)(1)(A), which provides courts with jurisdiction

to enter restraining orders and take such other action in connection with any property or other interest

subject to forfeiture to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

The United States has filed a civil forfeiture complaint with respect to the following property:

(a)  A 10% ownership share in Yreka Junction Investors, LP.

1

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. § 983(j)(1)(A) THAT:

The above-referenced property is hereby restrained in the manner described below.

## DEFINITIONS

For purposes of this order, the following definitions shall apply:

1. "Potential claimants" refers to Chris W. Eatough; Laura Lea Eatough; their successors, assignees, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order.

2. "Defendant Property" or "above-referenced property" refers to the property listed above as item (a).

## PROHIBITED ACTIVITIES

IT IS THEREFORE ORDERED that:

1. Potential claimants shall not sell, transfer, negotiate, convey or dispose of the above-referenced property specified in this protective order without further order of this Court.

2. Potential claimants shall not grant, convert, or otherwise modify the above-referenced property specified in this protective order without further order of this Court, nor shall potential claimants honor any demands by anyone or any entity to leverage or borrow against the equity interest specified in this protective order without further order of this Court.

3. That the potential claimants shall remit all disbursement or remuneration including but not limited to, interest or accounting payments, affiliated with the above-referenced properties specified in this protective order payable to the U.S. Department of Treasury and sent to the Internal Revenue Service - Criminal Investigation, 4330 Watt Avenue, M/S 4509, Sacramento, California 95821, Attn: Dawn Penner, AFC. Any such payments will be deposited into a Treasury suspense account; the IRS will provide an accounting for the funds received as the Court deems appropriate.

4. That the potential claimants shall send copies of all future correspondence pertaining to the above-referenced property specified in this protective order including but not limited to, statements and accounting notices, to the Internal Revenue Service - Criminal Investigation, 4330 Watt Avenue, M/S 4509, Sacramento, California 95821, Attn: Dawn Penner, AFC.

## JURISDICTION

This Court shall retain jurisdiction of this matter for all purposes. The terms of this order shall remain in full force and effect until judgment is rendered on the civil forfeiture complaint filed with respect to the above-referenced defendant property, or further order of the Court. In the event a party chooses to modify the terms of the protective order, they can do so only with prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard.

Dated: April 18, 2018

_____
Troy L. Nunley
United States District Judge

3